UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANEZ TOUT-PUISSANT, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION |
| | ) NO. 20-10050-WGY |
| STEPHEN KENNEDY, | ) |
| Superintendent of Old Colony | ) |
| Correctional Facility, | ) |
| | ) |
| Respondent. | ) |

YOUNG, D.J.                                    September *16*, 2020

**ORDER**

On February 22, 2018, Canez Tout-Puissant ("Tout-Puissant")
was convicted by a Massachusetts jury on two counts of unlawful
possession of a firearm and two counts of unlawful possession of
ammunition.  Pet. 1, ECF No. 1.  He then unsuccessfully appealed
in the courts of the Commonwealth.  Commonwealth v. Tout-
Puissant, 96 Mass. App. Ct. 1103 (2019), review denied, 483
Mass. 1106 (2019).  On January 9, 2020, Tout-Puissant filed this
petition for habeas relief on three grounds, all of which were
raised in the Massachusetts courts: (1) denial of due process
because the Commonwealth did not have to prove, on a theory of
joint-venture, that Tout-Puissant's co-venturer lacked a firearm
license; (2) ineffective assistance of counsel for failure to

raise the affirmative defense of license on a joint-venture theory;[1] and (3) the indictment's joint-venture charge was improper because the Commonwealth could not identify the co-venturer and thus could not prove lack of license.  Pet. 1-10.

The first and third grounds are unavailing because lack of license is not an element of the unlawful possession offenses for which Tout-Puissant was convicted, even on a joint venture theory; it is a defense that must be raised by the defendant, which Tout-Puissant failed to do.  See Tout-Puissant, 96 Mass. App. Ct. 1103, at *1-2 (citing Commonwealth v. Humphries, 465 Mass. 762, 764 (2013) & Commonwealth v. Gouse, 461 Mass. 787, 802-03 (2012)).  Accordingly, there is no due process violation in the fact that the Commonwealth did not need to prove that the co-venturer lacked a firearm license.  See id.; Powell v. Tompkins, 783 F.3d 332, 338-343 (1st Cir. 2015) (rejecting similar argument on habeas).[2]

---

[1] It is not fully clear from the petition that this is an ineffective assistance of counsel claim.  In Pet.'s Mem. Supp. Pet. ("Pet.'s Memo"), ECF No. 19, however, Tout-Puissant clarifies that his second claim is based on his trial counsel's performance.  Pet's Memo 11, 19-23.  To the extent that Tout-Puissant's second ground asserts a different argument that was not raised in state court, the Court may not entertain it.  See Sanchez-Llamas v. Oregon, 548 U.S. 331, 350-351 (2006) ("The general rule in federal habeas cases is that a defendant who fails to raise a claim on direct appeal is barred from raising the claim on collateral review.").

[2] Moreover, to the extent that Tout-Puissant objects to the sufficiency of the evidence before the grand jury, that is not a

Tout-Puissant's second ground for relief fares no better. The Massachusetts Appeals Court rejected this ineffective assistance of counsel argument since, even if Tout-Puissant's trial counsel was unreasonably deficient in failing to raise the affirmative defense of license (a point which the state court did not decide), there was no prejudice because "[t]he prosecution presented two theories of the case, one of which is unaffected by the asserted claims of ineffective assistance of counsel." Tout-Puissant, 96 Mass. App. Ct. 1103, at *1.  That is, the jury's general verdict may have rested on a constructive-possession theory rather than a joint-venture theory.  Since "the defendant's conviction was supported by compelling evidence of constructive possession," the Massachusetts Appeals Court reasoned, "the outcome would remain unchanged" even had his counsel effectively undermined the joint-venture theory.[3] Id.  The Court sees no error in this

---

constitutional issue cognizable on habeas review.  See Costello v. United States, 350 U.S. 359, 363 (1956) ("An indictment returned by a legally constituted and unbiased grand jury, like an information drawn by the prosecutor, if valid on its face, is enough to call for trial of the charge on the merits. The Fifth Amendment requires nothing more").

[3] Contrary to Tout-Puissant, a general verdict is not automatically set aside when it may have rested on an unsupportable ground.  Cf. Pet's Memo 23.  "A conviction based on a general verdict is subject to challenge if the jury was instructed on alternative theories of guilt and may have relied on an invalid one," but the "reviewing court finding such error should ask whether the flaw in the instructions 'had substantial

analysis.  See Weaver v. Massachusetts, 137 S. Ct. 1899, 1911
(2017) ("In the ordinary Strickland case, prejudice means 'a
reasonable probability that, but for counsel's unprofessional
errors, the result of the proceeding would have been
different.'" (quoting Strickland v. Washington, 466 U.S. 668,
694 (1984))).

　　　This Court cannot say that the Massachusetts Appeals
Court's decision "was contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined
by the Supreme Court of the United States."  28 U.S.C. §
2254(d)(1).  Nor was it "based on an unreasonable determination
of the facts in light of the evidence presented in the State
court proceeding."  Id. § 2254(d)(2).  Accordingly, the petition
for a writ of habeas corpus is DENIED.


**SO ORDERED.**


_William G. Young_
WILLIAM G. YOUNG
DISTRICT JUDGE

---

and injurious effect or influence in determining the jury's
verdict.'"  Hedgpeth v. Pulido, 555 U.S. 57, 58 (2008) (per
curiam) (quoting Brecht v. Abrahamson, 507 U.S. 619, 623
(1993)).